UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ABEL OMAR MONTES, SID #638804 | §§ | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-22-CV-00324-XR |
| | § | |
| COMAL COUNTY and GUADALUPE | § | |
| COUNTY, | §   § | |
| Defendants. | § | |

ORDER OF DISMISSAL

Before the Court is *pro se* Plaintiff Abel Omar Montes's ("Montes") 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). Montes is proceeding *in forma pauperis* ("IFP"). (ECF Nos. 2, 8). Upon review, the Court orders Montes's Complaint **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. (ECF No. 1); *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Further, the Court orders Montes's Complaint **DISMISSED WITHOUT PREJUDICE** for failure to prosecute for failing to file a change of address notice after his release from jail. (ECF No. 1); *see* FED. R. CIV. P. 41(b).

BACKGROUND

While confined in the Comal County Jail, Montes filed this section 1983 civil rights action against Comal County and Guadalupe County. (ECF No. 1). Montes contends each County violated his due process rights and other civil rights when he was arrested and magistrated because he was denied his right to counsel. (*Id.*). As relief he seeks monetary damages. (*Id.*).

APPLICABLE LAW

Under section 1915A(b)(1) of Title 28 of the United States Code, this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to

state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed IFP if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted). Such a dismissal may occur at any time, before or after service of process and before or after a defendant files an answer. *Shanklin v. Fernald*, 539 F. Supp.2d 878, 882 (W.D. Tex. 2008) (citing *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

2

When reviewing a *pro se* plaintiff's complaint, the court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)); *see Haines v. Kerner*, 404 U.S. 519 , 520–21(1972). However, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**ANALYSIS**

### A.  *No Policy or Custom*

To establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom that caused the alleged constitutional deprivation. *Bd. of Cnty. Comm'rs Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403–04 (1997); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978). The Court finds Montes has failed to allege either Comal County or Guadalupe County has a policy or custom relating to any alleged violation of his constitutional rights. (ECF No. 1); *see Brown*, 520 U.S. at 403–04 (1997); *Monell*, 436 U.S. at 690–91. Thus, his claims are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### B.  *Failure to File Change of Address Notice After Release*

As noted above, when Montes filed his Complaint, he was confined in the Comal County Jail. (ECF No. 1). Because Montes stated he was confined in the Comal County Jail, the Court sent all correspondence and orders to Montes at that facility. (ECF Nos. 3–6, 8–9). On May 23, 2022, the Court's most recent Orders, granting Montes's IFP application and ordering him to file an

3

amended complaint to correct the deficiencies in his original Complaint, were returned to the Court as undeliverable. (ECF Nos. 10–11). When returned, the envelopes contained the following notations: "RETURN TO SENDER; NOT DELIVERABLE AS ADDRESSED; UNABLE TO FORWARD" and "NO LONGER INCARCERATED IN COMAL COUNTY JAIL." (ECF Nos. 8, 9). Thereafter, the Court searched the Comal County Jail website, which shows Montes was released May 11, 2022, more than two weeks ago. *See* public.co.comal.tx.us/JailingSearch.aspx?ID=400 (last visited May 26, 2022).

The form Montes used to file his Complaint, as well as the Court's case opening letter, advised Montes of his responsibility to inform the Court of any change of address and its effective date. (ECF Nos. 1, 5). The § 1983 form specifically advised under "CHANGE OF ADDRESS" that "[f]ailure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of [the] complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure." (ECF No. 1); *see* FED. R. CIV. P. 41(b). The Court's case opening letter warned that "**You must keep the court informed of your current address throughout the pendency of your case. Failure to do so may result in the dismissal of your case for want of prosecution.**" (emphasis in original). (ECF No. 4). Despite the warnings and his May 11, 2022 release from the Comal County Jail, Montes has not provided this Court with a change of address.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may *sua sponte* dismiss an action for failure to prosecute or for failure to comply with any court order. *Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see* FED. R. CIV. P. 41(b). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending

cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). Moreover, the orderly and expeditious disposition of cases requires that if a litigant's address changes, he or she has a duty to inform the court of the change. *Salazar v. Wallace*, No. 1:13CV447, 2019 WL 1065142, at *1 (E.D. Tex. Feb. 14, 2019), *report and recommendation adopted*, No. 1:13-CV-447, 2019 WL 1062567 (E.D. Tex. Mar. 6, 2019). It is neither feasible nor required that a clerk of court take it upon himself or herself to maintain current address on the parties to pending action. *Id.* Rather, it is the responsibility of the parties—*pro se* or otherwise—to inform the court of changes of address given that communications between a court and litigants is principally conducted by mail. *Id.* Moreover, parties to an action are obligated to make timely status inquiries and in so doing, would *per force* provide address changes as those would be reflected in any written inquiry. *Id.*

Despite his release, which means his address is no longer the Comal County Jail, and the warnings on the § 1983 complaint form and in the case opening letter, Montes has failed to file a notice of change of address. Montes's failure to file the required notice prevents this Court from communicating with him and moving this case toward resolution, suggesting Montes no longer desires to prosecute this matter. Thus, based on his failure to provide the Court with a current address, this case is subject to dismissal for want of prosecution pursuant to Rule 41(b). *See* FED. R. CIV. P. 41(b).

CONCLUSION

The Court finds Montes's claims are substantively subject to dismissal based on the analysis set out above. Moreover, by failing to respond to the Court's Show Cause Order, Montes's Complaint is subject to dismissal for want of prosecution for failure to keep the Court apprised of his current address.

**IT IS THEREFORE ORDERED** that Montes's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**IT IS FURTHER ORDERED** that Montes's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute by failing to file a notice of change of address. *See* FED. R. CIV. P. 41(b).

It is so **ORDERED**.

SIGNED this 27th day of May, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE